## Griffiths' Estate.

*Wills—Probate—Practice, C. P.—Register of wills—Certification to orphans' court—Award of issue—Act of June 7, 1917, P. L. 415, sections 17, 18, 21 (a).*

1. Section 17 of the Register of Wills Act of June 7, 1917, P. L. 415, empowering the register of wills to award an issue divisavit vel non, does not dominate sections 18 and 21 (a) of the same act; on the contrary, when due proceedings are had, it is subordinate to them, whether or not testimony has been taken on the application for such issue.

2. The power of the register to award an issue, as provided by section 17, is suspended if, before the issue has been granted, proceedings are taken under section 18, to have the case certified to the orphans' court for decision.

3. So also, though he has granted an issue under section 17, the effect of his so doing is entirely superseded when an appeal to the orphans' court is taken under section 21 (a).

Argued January 8, 1923. Appeal, No. 66, Jan. T., 1923, by Edith Marie Kurtz, caveator, from decree of C. P. Delaware Co., Sept. T., 1921, No. 760, remitting record to register of wills, in estate of George Griffiths, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Rule to remit record to register of wills. Before JOHNSON, P. J.

The opinion of the Supreme Court states the facts.

Record remitted. Edith Marie Kurtz, caveator, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*James Gay Gordon,* with him *John B. Hannum, Jr.,* and *John R. K. Scott,* for appellant.—From the action of the register in directing a precept for an issue to the court of common pleas, under the 17th section of the Act of 1917, there was no right of appeal to the orphans' court, as there was no right of appeal to the register's court under the 13th section of the Act of 1832: Grandford's Will, 1 Parson's Eq. Cas. 153; Graham's App., 61 Pa. 43; Loy v. Kennedy, 1 W. & S. 396; McCarter's App., 78 Pa. 401; Robinson's Est., 1 W. N. C. 239; Com. v. Bunn, 71 Pa. 405; Hegarty's App., 75 Pa. 503; Schwilke's App., 100 Pa. 628; Miller's Est., 166 Pa. 97.

The record sent into the common pleas by the precept of the register should not have been remitted to the register by the court below.

*Owen J. Roberts,* with him *W. Roger Fronefield* and *Robert M. Boyle,* for appellee.—The register of wills had no right to issue a precept to the court of common pleas

on the record before him in the present case: Wikoff's App., 15 Pa. 289.

From the action of the register in directing a precept for an issue to the court of common pleas under the 17th section of the Register of Wills Act of 1917, there is an unconditioned right of appeal to the orphans' court, as the right to such appeal was expressly given by the Act of Feb. 28, 1905, P. L. 26, and by section 21 (a) Register of Wills Act of 1917, P. L. 415, 425.

At no time in Pennsylvania has the award of an issue by the register, under any conditions, been regarded by the Supreme Court as a ministerial act: Wikoff's App., 15 Pa. 281; Tetlow's Est., 269 Pa. 486; Goss's Est., 274 Pa. 278; Wickersham's App., 75 Pa. 334.

The court below committed no error in remitting the record to the register of wills for transmission to the orphans' court for the purposes of the appeal there pending: Mulholland's Est., 217 Pa. 65; Clemens' Est., 37 Pa. C. C. R. 371.


OPINION BY MR. JUSTICE SIMPSON, January 29, 1923:

In accordance with section 18 of the Register of Wills Act of June 7, 1917, P. L. 415, 422, appellees (as proponents of testator's will, which had been lodged with the register of wills of Delaware County, pending proof of execution and probate), presented a petition to the orphans' court of that county, asking it to require the register "to certify to the said court the entire record pertaining to the probate of the will." The court accepted the petition and fixed a date for a hearing; whereupon the register, after notice of the action of the court, and without taking any evidence, not even the testimony of the subscribing witnesses, acted favorably upon a caveat filed by appellant, and sent the will to the court of common pleas of the county, with his precept directing an issue devisavit vel non to be there formed to determine whether or not the will was valid. This action by one who is clerk of the orphans' court (Constitution of

Penna., article V, section 22), which prevented him from obeying its order, if it subsequently granted the prayer of the petition, would (if he was intentionally flouting the court's authority, which we have no reason to believe) have been perilously near, if it was not actually, a contempt of court.

In accordance with section 21 (a) of the act, proponents thereupon appealed to the orphans' court from the decision awarding an issue, and then filed a petition in the court of common pleas and obtained a rule to show cause why the record should not be returned to the register, for transmission by him to the orphans' court. The court of common pleas heard argument, made the rule absolute and directed the record to be so returned; therefrom the present appeal was taken by contestant only. Save as stated, proponents filed no paper in and sought no action by the court of common pleas. Subsequently, upon order of the orphans' court, the register sent the entire record to it, and there the issue raised by the caveat is now pending.

Appellant's claim is that by section 17 of the act the register had power to grant an issue, despite the provisions of section 18; which power, since he took no evidence on the subject, was unaffected by section 21 (a). Appellees dispute both of these contentions, and particularly allege that the register's award of an issue devisavit vel non under section 17, is, under section 21 (a), appealable to the orphans' court, as of right, and no action of the register could deprive them of it. We sustain proponents on both these points. Section 17 is not a dominant section; on the contrary, when due application is made, it is subordinate to and controlled by each of the others.

The portions of the act to be considered are as follows:

"Section 17. Whenever a caveat shall be entered against the admission of any testamentary writing to probate, and the person entering the same shall allege as the ground thereof any matter of fact touching the va-

lidity of such writing, it shall be lawful for the register, at the request of any person interested, to issue a precept to the court of common pleas of the respective county, directing an issue to be formed upon the said fact or facts, and also upon such others as may be lawfully objected to the said writing......"

"Section 18. Where a caveat is entered against the probate of any last will or testamentary paper, or where there is a dispute as to such probate,......the orphans' court of the county in which said will or testamentary paper has been offered for probate,.....may, by general rule, or by special order in the case, on the petition of ......any party interested, direct said register to certify the entire record thereto pertaining to said court, which shall then determine whether the will or testamentary paper shall be admitted to probate, or an issue devisavit vel non be directed to the court of common pleas of said county,......in like manner as if the said will or testamentary paper had been admitted to probate......by said register, and an appeal been taken to the orphans' court from his decree. The record may be thus certified at any stage of the proceedings before the register......"

"Section 21 (a). From all the judicial acts and proceedings of the several registers, including all decisions granting an issue devisavit vel non, in a contest concerning the validity of a will, appeals may be taken to the orphans' court of the respective county within the term of two years: Provided, that any party entitled to appeal may be cited by such court to show cause why he should not appeal within six months from the date of such citation, and, on the failure of such party to show cause, said court may make an order limiting the time for such appeal by said party to said period of six months."

Construing these provisions together, it is clear beyond all question that while, under section 17, "it shall be lawful for the register, at the request of any person interested, to issue a precept to the court of common

pleas......directing an issue" devisavit vel non to be there formed, nevertheless, under section 18, the orphans' court may "at any stage of the proceedings before the register" require him "to certify the entire record thereto pertaining to said court, which shall then determine whether the will or testamentary paper shall be admitted to probate, or an issue devisavit vel non directed to the court of common pleas." This power in the orphans' court to take the record away from the register necessarily carries with it a suspension of his power, while yet unexercised, whenever he has had notice that the court is considering whether or not it will so order in the particular case; and wholly defeats that power if the court concludes to decide the question itself.

So, also, when the register has acted, and has granted an issue to the common pleas, section 21 (a) provides that "appeals may be taken to the orphans' court," from "all decisions granting an issue devisavit vel non"; and hence, when such an appeal is taken, this wholly defeats the prior action of the register in granting the issue. We find nothing in the statute which sustains appellant's argument that, when no evidence has been taken by the register, his award of an issue is not a "judicial" act, and therefore section 21 (a) does not provide for an appeal. The act was passed to prevent the register, who was not required to be learned in the law, from awarding or refusing to award an issue because of ignorance, indolence, prejudice, favoritism, or for any other nonjudicial reason; hence it provided that in every "stage of the proceedings," he should be under the control of the orphans' court; if he has not acted, that court may take the record from him (section 18), and, if he has rendered a decision, any party interested may appeal therefrom to that court: section 21 (a).

The remedy provided by the latter section is at least as much needed where testimony has not been taken, as where it has been; and for that reason "all decisions granting an issue devisavit vel non" were expressly made

subject to an appeal.   We construe "all" to mean "all," unaffected by the word "judicial" appearing in the prior clause; and would do so even if it were admitted, which it is not, that the award of an issue, without taking evidence, is a ministerial and not a "judicial" act, while, if evidence is taken, it is "judicial." This attempted distinction has no basis in the statute, and would pro tanto defeat its purpose.   Indeed, if the word "judicial" is to have any bearing upon the question, we could only conclude that as "all decisions granting an issue devisavit vel non" are made appealable, this is a legislative definition that "judicial" includes all such "decisions." The cases cited by appellant have no relevancy since the passage of the Act of February 28, 1905, P. L. 26, now substantially reënacted in section 21 (a), supra; and the ingenious argument of her counsel, founded upon them, necessarily falls with them.

To avoid misapprehension, it need only be added that nothing we have said or omitted to say must be construed as determining that the other objections, which were or could have been made to the register's action, are of no validity; or that the order appealed from would not have been quashed, because of its interlocutory character, if a motion had been made to that effect.

The order of the court below is affirmed and the appeal is dismissed at the cost of appellant.