## Randal's Estate

*Franklin L. Wright* and *W. Horace Hepburn, Jr.*, for petitioner.
*Dennis A. O'Neill*, contra.

HOLLAND, P. J., March 21, 1934.—On January 17, 1934, Roland L. Randal, the son of the above-named decedent, filed his petition averring that three caveats had been lodged in the office of the register of wills against the probate of any will of said decedent, and that a paper writing had been offered for probate alleged to be a copy of a lost will of said decedent. In compliance with the prayer of the petitioner, a citation was awarded, directed to the register of wills and Marie E. Barbour, one of the executors named in the alleged lost will, to show cause why the entire proceeding should not be certified to the orphans' court for final determination under section 18 of the Register of Wills Act of 1917. Service was accepted by both respondents January 18, 1934, and the register of wills filed a certification of the entire proceedings in this court on

January 23, 1934, before the return day, which was fixed as January 31, 1934, at 10 a. m.

The respondent Marie E. Barbour filed an answer on March 19, 1934, in which certain facts are admitted.

Harry L. Randal died on September 24, 1933, leaving to survive him his widow, Irene B. Randal, and his son, Roland L. Randal, the latter being the petitioner in this proceeding. At the time of his death, the decedent was possessed of personalty of the value of approximately $35,000, and was entitled to certain real estate. A caveat was lodged in the register's office by Marie E. Barbour on September 26, 1933, and a caveat was also lodged in said office by Irene B. Randal, the widow, and Roland L. Randal, the son, on September 25, 1933.

Marie E. Barbour is one of the coexecutors in the alleged copy of the alleged last will and testament, the subject matter of this proceeding. She is not related in any way by blood or marriage to the decedent, nor is she a creditor of decedent. On October 9, 1933, the register of wills appointed Montgomery Trust Company as administrator pendente lite. On October 1, 1933, said Marie E. Barbour filed a petition to the register of wills, setting forth an alleged copy of an alleged last will and testament of the decedent purporting to be signed by a mark, and alleging further said last will and testament to have been lost or to have been destroyed or stolen by one Margaret M. Chadwick.

There are certain other facts concerning which the petitioner and respondent disagree. The petitioner charges that the copy of the alleged paper writing is a fraud and that no such paper writing exists at the present time, and opposes the probate of the alleged copy of the alleged last will and testament. The respondent avers that decedent in his lifetime properly executed the last will and testament, that the copy offered for probate is a true and exact copy of said will, and that the petitioner, Roland L. Randal, his mother, Irene Randal, and one Margaret M. Chadwick had entered into a conspiracy to seek possession of the said will in a fraudulent endeavor to defeat those entitled to the bequests under the said will; that the said Margaret M. Chadwick broke into the safe of the decedent and removed the said last will and testament therefrom. Respondent therefore contends that said copy of said alleged last will should be admitted to probate as and for the last will and testament of said decedent. The petitioner contends that the entire record should be certified to the orphans' court to have all matters concerning the said alleged copy of said alleged will determined by the orphans' court, and the respondent contends that this action is not necessary and that the matter should be disposed of by the register of wills.

The proceeding is under section 18 of the Register of Wills Act of June 7, 1917, P. L. 415, rather than section 19 of said act, the latter section applying to cases where the register of wills of his own initiative is of the opinion that the matter or question should be certified to the orphans' court for any one or more of the reasons assigned and enumerated in said section. The courts seem to have been inclined to be liberal in allowing matters to be certified to the orphans' court under section 18 upon the application of "the register of wills of said county, or of any party interested". The section says that the orphans' court "may" direct the register of wills to certify the entire record pertaining to the matter in question, upon the occasion of a caveat having been filed or where there is a dispute concerning certain matters in the section enumerated, which implies that the court "may" also refuse to do it where the occasion does not warrant or necessitate such action. Cases under this section, however, seem to take more or less for granted the propriety of the orphans' court directing

576

the register to certify the record to it on the petition of an interested party. In no case does it seem that any question has been raised as to just what constitutes a sufficiently unusual set of circumstances to impel the orphans' court so to direct a certification. See Nichols' Estate, 275 Pa. 176; Griffiths' Estate, 276 Pa. 277; Culbertson's Estate, 301 Pa. 438; Henry's Estate, 69 Pitts. 737; Lidstone's Estate, 92 Pa. Superior Ct. 553.

We are of the opinion, however, that in the case now before us there are sufficiently difficult, unusual, and probably complicated phases for consideration to warrant directing a certification of the whole record to this court. We will have here for our consideration the most unusual type of probate conceivable, that is the proof of and probate of a lost will, involving many intricate and difficult questions of evidence and questions of law. Further, the question will arise as to the testamentary capacity of the alleged testator if it is decided that the alleged copy of the alleged will should be admitted to probate, as may also be raised the question of undue influence and duress or the absence of it upon the decedent at the time of executing the alleged will, if it has been found that a will has been executed at all and the same admitted to probate.

Inasmuch as the register has already in response to the citation certified the entire record to this court, we need make no order for a certification at this time, but rather approve his action in that regard heretofore accomplished January 23, 1934.

And now, March 21, 1934, the action of the register of wills in certifying the entire record of this proceeding to the orphans' court on January 23, 1934, is ratified and affirmed, and it is ordered and directed and decreed that a hearing be had April 9, 1934, at 10 a. m., upon the petition of Marie E. Barbour, for the probate by the register of wills of the last will and testament of Harry L. Randal, deceased, and the granting of letters testamentary thereon; and upon the caveats filed respectively September 25 and September 26, 1934.

From Aaron S. Swartz, Jr., Norristown, Pa.