## McQuade Estate

*Thomas C. Moore*, for petitioner.

*Thomas F. Farrell, Jr.*, and *Roy B. Pope*, contra.

JONES, P. J., February 4, 1952.—This matter comes before the court on a petition to show cause why the register of wills should not be directed to certify the record in these proceedings to the orphans' court to determine whether a paper purporting to be the last will and testament of James McQuade, deceased, should be admitted to probate.

James McQuade, 76 years of age and a resident of this county, died on June 28, 1951.

On July 31, 1951, Alice McQuade, sister of decedent, petitioned the register of wills of Luzerne County for letters of administration and letters were accordingly

granted. Before entering upon the performance of her duties as administratrix, Alice McQuade posted a bond, with approved surety, in the amount of $7,500, conditioned on the proper performance of her duties.

On August 3, 1951, Alice Kennedy offered for probate to the register a paper dated May 15, 1951, purporting to be the last will and testament of decedent, and petitioned for probate of the will and for letters testamentary to be issued to her as executrix named in the alleged last will and testament. The register of wills admitted to probate this alleged last will and testament, granted letters testamentary to Alice Kennedy and revoked the issuance of letters of administration previously granted to Alice McQuade.

On August 8, 1951, Alice McQuade perfected an appeal to the orphans' court from the decision of the register of wills admitting to probate the alleged last will and testament of decedent. Subsequent thereto, on August 30, 1951, Alice McQuade filed a petition in the orphans' court alleging that the action of the register of wills in admitting the alleged last will and testament of decedent to probate and revoking the letters of administration granted to Alice McQuade was improper, arbitrary and illegal, particularly because the register of wills acted ex parte.

On August 20, 1951, Hon. James F. Brady, president judge of the Orphans' Court of Lackawanna County, specially presiding, permitted the issuance of a citation directed to Alice Kennedy, executrix, and a residuary legatee named in the alleged last will and testament of decedent, and Lena Wolfe, a residuary legatee under the last will and testament of decedent, to show cause why the appeal of Alice McQuade should not be sustained and the decree of the register set aside. The return day of the citation was September 5, 1951.

On August 31, 1951, Alice Kennedy and Lena Wolfe filed preliminary objections to the petition of Alice Mc-

Quade, alleging, inter alia, that the averments in the petition of appeal were insufficient in law and that the authority of the register of wills to grant letters was confined to actual cases of intestacy and that, when letters were granted to Alice McQuade, the register of wills was without authority to do so, as determined by the probate of the will, and the prayer of the preliminary objections was that the petition of appeal be dismissed.

On September 13, 1951, Judge Brady set aside the action of the register of wills in revoking letters of administration to Alice McQuade and set aside the action of the register of wills in admitting to probate the alleged last will and testament of decedent and the granting of letters to Alice Kennedy, without prejudice to Alice Kennedy and Lena Wolfe to offer for probate the alleged last will and testament of decedent after notice to all parties in interest.

On September 28, 1951, Alice Kennedy petitioned for a citation to show cause why the letters of administration issued to Alice McQuade should not be revoked, the alleged last will and testament of decedent admitted to probate, and letters granted to Alice Kennedy as the executrix named in the last will and testament. To this petition, Alice McQuade filed an answer alleging in paragraph 5 thereof that the alleged last will and testament of decedent was a forgery.

On November 21, 1951, Alice McQuade filed a petition in this court alleging that the contest of the will was based upon the fact that the will was a forgery, that the determination of the question whether the last will and testament should be admitted to probate would require the taking of lengthy testimony, the attendance of handwriting experts from outside the Commonwealth, and that unnecessary delay would be caused and costly expense would be duplicated if the matter were

to be heard first before the register and then later before the orphans' court.

This petition requested the orphans' court, under section 18 of the Act of June 7, 1917, P. L. 415, 20 PS §1981, to certify the record before the register of wills to the orphans' court to determine whether the alleged will should be admitted to probate. To this petition an answer was filed on behalf of Alice Kennedy and Lena Wolfe on December 18, 1951, wherein, in paragraph 8 of the answer, it was alleged that no issue, factual or legal, was raised, that it was impossible to determine from the pleadings what the issues are or will be before the register of wills and that the reasons alleged in the petition do not give the right to the orphans' court to have the matters certified under section 18 of the Act of 1917, supra.

Since the presentation of this petition, the Register of Wills Act of 1951 became effective on January 1, 1952, and this act supersedes and takes the place of the Act of 1917. (Section 601(a) (3) and section 103 of the Register of Wills Act of 1951.)

Under section 207 of the Register of Wills Act of June 28, 1951, P. L. 638, it is provided as follows:

"Certification of Records to Court.—Whenever a caveat shall be filed or a dispute shall arise before the register concerning the probate of a will, the grant of letters or the performance of any other function by the register, he may certify, or the Court upon petition of any party in interest may direct the register at any stage of the proceedings to certify, the entire record to the Court, which shall proceed to a determination of the issue in dispute. No letters of administration *pendente lite* shall be granted by the register after proceedings have been removed to the Court except by leave of Court."

Section 207 of the Register of Wills Act of 1951 provides for certification of the record by the register of

wills to the orphans' court whenever a caveat shall be filed or a dispute shall arise before the register concerning the probate of a will and the granting of letters.

In the instant case a caveat was filed on October 9, 1951, by Alice McQuade against the probate of the alleged will of May 15, 1951, and, in addition thereto, a "dispute" has arisen before the register concerning the probate as a last will of the instrument of May 15, 1951, and the grant of letters to Alice Kennedy.

Section 207 further provides for certification either by the register (compare section 19 of the Act of 1917, supra) or by the orphans' court upon petition of "any party in interest" (compare section 18 of the Act of 1917, supra). In the instant case the register, served with a copy of the petition for certification, takes the position that he should be allowed to hear the matter. It is clear that Alice McQuade as sister of decedent is a "party in interest" having the right to petition for a certification by the court.

It will be noted that section 18 of the Register of Wills Act of 1917 in empowering the orphans' court to direct the certification by the register of the records to the court, gives discretionary power to do so "where there is a dispute". It will also be noted that section 19 of the Act of 1917, supra, empowers the register of wills to certify the record to the orphans' court where the "disputable and difficult matter, comes into controversy before any register".

In the comment under section 207 it is stated, inter alia:

"This includes the substance of sections 18 and 19 of the 1917 Act, combined into a single abbreviated section as a matter of style."

It is our opinion that section 207 of the Register of Wills Act does not change substantially the provisions of sections 18 and 19 of the Act of 1917, supra, insofar as it provides a method of expediting proceedings be-

fore the register of wills in instances where a dispute arises. The register of wills can, under section 207, bring the matter directly to the attention of the court and the court can order the records certified to it. Under section 207, if a party in interest feels that there is an undue delay before the register or that complicated questions have arisen which could be much more effectively determined by the orphans' court than by the register, a party in interest may petition the orphans' court for a certification to it of the record. However, the purpose of section 207 is not to eliminate the jurisdiction of the register in all cases where disputes may arise and to turn the orphans' court into a probate or a register's court: Greenawalt's Estate, 58 D. & C. 486, 491 (1946).

The determination whether or not certification should be directed by the orphans' court is a matter solely within the discretion of the court. The use of the word "may" in section 207 of the Register of Wills Act of 1951, supra, clearly indicates such a conclusion.

In the Estate of Harry L. Randal, 50 Montg. 169 (1934), the Orphans' Court of Montgomery County was petitioned under section 18 of the Register of Wills Act of 1917, supra, to direct certification to that court by the register of a dispute concerning an alleged copy of an alleged will of decedent. President Judge Holland stated as follows (p. 172):

"The section says that the Orphans' Court 'may' direct the register of wills to certify the entire record pertaining to the matter in question upon the occasion of a caveat having been filed or where there is a dispute concerning certain matters in the section enumerated, which implies that the court 'may' also refuse to do it where the occasion does not warrant or necessitate such action. Cases, however, under this section, seem to take it more or less for granted as to the propriety

of the Orphans' Court directing registers to certify the record to it on the petition of an interested party. In no case does it seem that any question has been raised as to just what constitutes a sufficiently unusual set of circumstances that would impel the Orphans' Court to so direct a certification. See Nichols' Est., 275 Pa. 176; Griffith's Est., 276 Pa. 277; Culbertson's Est., 301 Pa. 438; Henry's Est., 69 Pitts. 737; Lidstone's Est., 92 Pa. Super. 553."

The court in that case reached the conclusion that there were sufficiently difficult, unusual and complicated problems for consideration to warrant a direction of certification of the record to the court, terming the dispute "the most unusual type of probate conceivable". In that case not only was there a question of the proof and probate of a lost will, but also questions as to the testamentary capacity of the alleged testator as well as the question of undue influence or duress, or the absence of it, on decedent.

A fairly recent decision in point is Greenawalt's Estate, supra. Greenawalt died August 22, 1945, and letters of administration were granted to the Farmers and Merchants Trust Company of Chambersburg. The administrator filed its first and final account, the account was confirmed and report of audit filed nisi. There was then offered for probate before the register two writings alleged to be testamentary in character as the last will and testament of decedent. A caveat against the probate of these two writings was filed alleging, inter alia, that the writings offered were not testamentary in character and that the purported signature of the decedent was not the signature of decedent. (Cf.: Allegation of forgery in the instant case.) The register set a time and place for the taking of testimony in reference to the probate of the writings and a party in interest presented a petition under section 18 of the Register of Wills Act of 1917 to show

cause why the orphans' court should not order the register of wills to certify the entire record relating to the probate of such writings to the court. It was the contention of the proponents of the alleged testamentary writings that the controversy presented such unusual, difficult and complicated questions as would justify certification of the record to the orphans' court. It was the contention of respondents that this was merely an ordinary case in which certain writings alleged to constitute the will of decedent were offered for probate and that no particularly difficult or unusual questions were presented. The register of wills in that case, as in the instant case, stated that he felt he should be allowed to hear the matter, or otherwise, if that procedure were followed generally it would, for practical purposes, wipe out the register's court in any case in which the validity for probate of alleged testamentary papers was questioned.

President Judge Wingerd in that case took the position that the case was not one in which the court should order certification by the register of the record.

It is the opinion of this court that on the allegations in the petition and the answer there is not sufficient to justify this court, at this stage of the proceedings, to direct certification to it of the record of the register.

Before this court will feel justified in directing certification of the record by the register there must be presented to it some evidence of an unusual, a complicated or an extraordinary situation; otherwise, the orphans' court will be turned into a court of probate and it will be usurping duties ordinarily and regularly entrusted by statute to the register.

At this stage of the proceedings this court will not direct a certification. After testimony is taken before the register, if unusual or extraordinary questions develop, then the register, under section 207 of the Register of Wills Act of 1951, may on his own motion certify

the record to this court or the court may, on proper application, feel justified in ordering certification.

Now, February 4, 1952, the rule of Alice McQuade to show cause why the record should not be certified to the orphans' court is discharged.